# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | |
|---|---|
| LARRY MARK POLSKY, § § § § § § § § § § | |
| Plaintiff, | |
| v. | Civil Action No. _____ |
| WALGREENS BOOTS ALLIANCE, INC. | |
| Defendant. | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. Sections 1331, 1332(a), and 1446(a), Defendant Walgreens Boots Alliance, Inc. ("Walgreens") files this Notice of Removal, hereby removing this case from the 404th Judicial District Court of Cameron County, Texas, to the United States District Court for the Southern District of Texas, Brownville Division. In support of this Notice of Removal, Walgreens respectfully shows the Court as follows:

    **A.**    **State Court Action**

    1.    This action was originally filed by Larry Mark Polsky ("Plaintiff") on February 9, 2018 in the 404th Judicial District Court of Cameron County, Texas, and assigned Cause Number 2018-DCL-00889 by that court. Plaintiff's state court petition, styled as a "Class Action Complaint," alleges Walgreens violated federal law by partially filling his prescription for a Schedule II controlled substance (Percocet) and then cancelling the remainder of the prescription. Plaintiff brings the action on behalf of himself and all others similarly situated, and seeks to represent a putative class of all Texas residents who had a prescription for a Schedule II controlled substance partially filled, with the remainder of the prescription cancelled, by Walgreens within the two-year period preceding February 9, 2018.

2. Walgreens was served with Plaintiff's state court Class Action Complaint on February 19, 2018.

3. Walgreens filed an Original Answer and Plea in Abatement in the state court on March 12, 2018.

**B.  Diversity Jurisdiction**

4. This action is removable pursuant to 28 U.S.C. Section 1332(a). Pursuant to Section 1332(a), federal district courts have original jurisdiction over civil actions where the matter in controversy exceeds $75,000 and where the action is between citizens of different States. 28 U.S.C. § 1332(a)(1).

5. There is a complete diversity of citizenship between the parties to this lawsuit. Specifically:

    a. Plaintiff is a resident of Texas; and

    b. Defendant Walgreens is a Delaware corporation with its principal place of business in Illinois.[1]

6. Additionally, numerous statements in Plaintiff's Class Action Complaint establish that the amount in controversy exceeds $75,000 (exclusive of interest and costs). First, Plaintiff alleges that he is seeking, "individually and on behalf of the entire class," monetary relief of over $1,000,000 but less than $2,500,000. Class Action Complaint ¶ 3.

7. Second, Plaintiff alleges a variety of damages, including economic damages, mental anguish (specifically, "depression, intense feelings of humiliation, frustration,

---

[1] The citizenship of the unnamed members of Plaintiff's putative class is irrelevant, as a "court will look only to the named parties to determine diversity in a class action." *Oxford v. Williams Companies,* 137 F. Supp. 2d 756, 763 (E.D. Tex. 2001). In addition, as reflected in Walgreens' state court answer, Plaintiff has incorrectly sued Walgreens Boots Alliance, Inc., when the proper defendant should be Walgreen Co. Walgreen Co. is an Illinois corporation with its principal place of business in Illinois, such that complete diversity of citizenship will also be present if and when Plaintiff amends his pleading to name the proper defendant.

powerlessness, belittlement, and an abnormal sense of inferiority"), attorneys' fees, exemplary damages, treble damages under the Texas Deceptive Trade Practices Act ("DTPA"), injunctive relief, and equitable relief. *Id.* ¶¶ 6, 23, 36 – 38, 44. All of these disparate categories of damages can be considered in concluding that the amount in controversy exceeds $75,000. *See, e.g., White v. FCI USA, Inc.*, 319 F.3d 672, 676 (5th Cir. 2003) (affirming district court's determination that plaintiff's claims for mental anguish, punitive damages, and attorneys' fees satisfied the $75,000 amount in controversy requirement); *Alvidres v. Allstate Texas Lloyds*, 7:16-CV-438, 2016 WL 9415195, at *2 (S.D. Tex. Oct. 4, 2016) ("[T]he amount in controversy includes penalties, statutory damages, punitive damages, potential attorney's fees, and treble damages under the Texas Deceptive Trade Practices Consumer–Protection Act.").

8.      Third, Plaintiff's Class Action Complaint stated that discovery in the case should be conducted in accordance with a Level 2 Discovery Control Plan under Rule 190.3 of the Texas Rules of Civil Procedure, as opposed to stating that discovery should be conducted under the Level 1 Discovery Control Plan that applies to expedited actions in which claimants affirmatively seek $100,000 or less. *See* Class Action Complaint ¶ 1; Tex. R. Civ. Proc. 190.2(a)(1) (stating that Level 1 applies to expedited actions under Rule 169); Tex. R. Civ. Proc. 169 (providing that expedited actions involve claims in which the plaintiff affirmatively seek $100,000 or less, including damages of any kind, penalties, costs, expenses, interest, and attorney fees). Plaintiff's choice of a Level 2 Discovery Control Plan—as opposed to the Level 1 Plan that applies to expedited actions involving less than $100,000—further establishes that the amount in controversy exceeds $75,000. *E.g. Dean v. Accenture Fed. Servs., LLC*, No. 5:11-CV-520-XR, 2011 WL 6355298, at *3 (W.D. Tex. Dec.19, 2011) ("[G]iven the allegations of severe mental anguish, both past and future, and invocation of a Level 2 discovery control plan, the

Court finds that it is facially apparent that the amount in controversy, based on compensatory damages and attorneys' fees, exceeds $75,000.").

    **C.**    **Federal Question Jurisdiction**

9. This action is also removable pursuant to 28 U.S.C. Section 1331, which vests original jurisdiction in federal district courts for all civil actions arising under the laws of the United States.

10. Plaintiff alleges Walgreens violated federal law, specifically Title 21 of the Code of Federal Regulations, Part 1306, Section 1306.13(a).[2] *E.g.*, Class Action Complaint ¶¶ 10(b) – (d), 19, 22, and 32(b) – (d). Section 1306.13(a) governs the partial filling of prescriptions for Schedule II controlled substances, including when a prescription may be partially filled and the circumstances under which the remaining portion of a prescription may be filled or cancelled.

11. It is unclear from Plaintiff's Class Action Complaint whether Plaintiff is asserting an independent cause of action for a violation of Section 1306.13(a) in addition to his causes of action under state law for fraud and violations of the DTPA. However, even if Plaintiff is asserting only state law causes of action, federal question jurisdiction is nonetheless present because Plaintiff's right to relief on his state law causes necessarily depends on the resolution of Plaintiff's allegation that Walgreens violated Section 1306.13(a). For example, Plaintiff alleges that Walgreens violated the DTPA by "[f]ailing to follow Federal law," and, more specifically, by "failing to inform" him of the 72-hour requirement and other particulars of Section 1306.13(a). Class Action Complaint ¶¶ 32(a) – (d). Likewise, Plaintiff alleges that Walgreens committed fraud by misrepresenting its ability to partially fill his prescription for a Schedule II

---

[2] Plaintiff's Class Action Complaint cites "Code of Federal Regulations 21, Article 1306(a)," but it is apparent that this citation is incorrect, as evidenced by the fact that Plaintiff attached as Exhibit 1-C to his Class Action Complaint a copy of the above-cited regulation, Title 21 of the Code of Federal Regulations, Part 1306, Section 1306.13(a).

controlled substances and the circumstances under which Walgreens could cancel the remainder of the prescription, which ability and circumstances are the precise subject of Section 1306.13(a). *Id.* ¶ 40.

12. Simply stated, to prevail on his claims for fraud and DTPA violations, Plaintiff must establish that Walgreens violated Section 1306.13(a), a federal law. Thus, federal question jurisdiction is present. *See, e.g., Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 312 – 313 (2005) (recognizing that "federal-question jurisdiction will lie over state-law claims that implicate significant federal issues").

### D. Timeliness of Removal and Non-Waiver of Defenses

13. This removal is timely. As indicated above (*supra* ¶ 2), Walgreens was served with Plaintiff's state court Class Action Complaint on February 19, 2018. This Notice of Removal was filed within 30-days thereof, and is therefore timely under 28 U.S.C. Section 1446(b).

14. By removing this action to this Court, Walgreens does not waive any defense available to it.

### E. Propriety of Removal to this Court

15. The 404th Judicial District Court of Cameron County, Texas is located within the Southern District of Texas, Brownsville Division. Consequently, pursuant to 28 U.S.C. Section 1441(a), this action is properly removed to this Court.

### F. State Court Documents Attached

16. In accordance with Local Rule 81, this Notice of Removal is accompanied by an Index of Matters Being Filed (Ex. 1), which identifies the following additional attachments:

    a. All executed process in the case, comprising the executed process issued to Defendant Walgreens (Ex. 2);

      b.      Pleadings asserting causes of action and all answers to such pleadings, comprising Plaintiff's Class Action Complaint (Ex. 3) and Walgreens' Original Answer and Plea in Abatement (Ex. 4);

      c.      The state court docket sheet (Ex. 5); and

      d.      A list of counsel of record, including addresses, telephone numbers, and parties represented (Ex. 6).

Local Rule 81 also requires that the Notice of Removal attach all orders signed by the state court judge but, as of the date of the filing of this Notice of Removal, the state court judge has yet to issue any orders.

      **G.**      **Notice to State Court and Plaintiff**

      17.      Pursuant to 28 U.S.C. Section 1446(d), Walgreens will, contemporaneously with the filing of this Notice of Removal in this Court, file a copy of this Notice of Removal with the 404th Judicial District Court of Cameron County, Texas. Walgreens will also provide Plaintiff with written notice of the filing of this Notice of Removal.

### CONCLUSION & PRAYER

For those reasons set forth herein, Defendant Walgreens Boots Alliance, Inc. prays that the United States District Court for the Southern District of Texas, Brownsville Division, accepts this Notice of Removal and assumes jurisdiction of this cause, and that it issues such further orders and processes as may be necessary to bring before it all parties necessary for the trial hereof.

Dated: March 12, 2018

Respectfully submitted,

NORTON ROSE FULBRIGHT US LLP

*/s/ Seth Isgur*
Seth Isgur *(Attorney-in-Charge)*
State Bar No. 24054498
Federal I.D. No. 918729
seth.isgur@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246

Michael A. Swartzendruber
State Bar No. 19557702
Federal I.D. No. 28737
michael.swartzendruber@nortonrosefulbright.com
2200 Ross Avenue, Suite 3600
Dallas, TX 75201-7932
Telephone:  (214) 855-8000
Telecopier:  (214) 855-8200

Counsel for Defendant Walgreens Boots Alliance, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 12, 2018, a copy of the foregoing document was served in accordance with the Federal Rules of Civil Procedure upon:

Larry Mark Polsky
5 Cactus Wren
Laguna Vista, TX 78758

*/s/ Seth Isgur*
Seth Isgur

29686977.1